out of the likelihood of precisely such a mistake as seems to have occurred.

It is contended in behalf of the appellant that the defendant corporation was negligent in not making, promulgating, and enforcing rules and regulations calculated to prevent such an accident as that which occurred in this case. As to this point, it is to be observed that the complaint contains no allegation of negligence in this respect; but, even if a recovery might be had on that ground in the absence of such allegation, the proof, as it seems to me, fails to establish any such condition of things as made it legally incumbent upon the defendant to establish such rules prior to the occurrence of this accident. It does not appear that any similar accident had ever occurred, to put the defendant's officers or agents upon guard on the subject, or that they had permitted any general intermeddling with the machinery on the part of the laundrywomen, or anything except the use of the switch board by them which was connected with the laundry. While it might well be said now that they ought to take some precaution to guard against a similar accident, it can hardly be held, as matter of law, that the probability of a mistake was so evident that they ought to have taken some steps to avert its possibility. See Berrigan v. N. Y., L. E. & W. R. R. Co., 131 N. Y. 582, 30 N. E. 57. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.

---

(97 App. Div. 31.)

### PEOPLE v. REPUBLIC SAV. & LOAN ASS'N.

### In re CASE et al.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. VOIDABLE CONTRACT—EFFECT OF DISAFFIRMANCE.

Where a contract is merely voidable, its disaffirmance does not impair the right to payment thereunder of money earned pursuant to its terms prior to the disaffirmance.

Appeal from Special Term, Kings County.

Action by the people against the Republic Savings & Loan Association. From so much of a judgment, entered on the report of a referee, as dismissed the claim of Franklin O. Case and Franklin B. Case, Jr., for commissions claimed under an agency contract with defendant corporation, said claimants appeal, Edward G. Riggs and Otto Kelsey, receivers, being respondents. Reversed.

See 65 N. Y. Supp. 1036.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Hector M. Hitchings (Lynn W. Thompson, on the brief), for appellants.

George M. Fannin (G. D. B. Hasbrouck, on the brief), for respondents.

WILLARD BARTLETT, J. On the 14th day of May, 1901, judgment of dissolution was rendered in this action against the Republic

¶ 1. See Contracts, vol. 11, Cent. Dig. §§ 1202, 1203.

Savings & Loan Association (formerly known as the Teachers' Equitable Building Loan Association), and appointing Edward G. Riggs and Otto Kelsey permanent receivers of the defendant corporation. Mr. Samuel S. Slater was subsequently appointed referee to take proof and determine the validity of all claims of creditors and shareholders against the corporation or its assets or the receivers. The referee was directed by the order of appointment to hear said claims upon regular notice of hearing served on behalf of the receivers or the respective claimants, and upon the written objection, if any, served by said receivers. Among the claims presented to him for adjudication under the authority of this order was one by Franklin O. Case and Franklin B. Case, Jr., as successors in interest to the firm of Case, Gadd & Case, for a balance of $12,095.91, alleged to be due to them for commissions under a contract of agency with the dissolved corporation. The referee rejected this claim, and the present appeal is taken from part of a judgment confirming that portion of his report which relates to it, and directing that it be dismissed. The original contract was entered into on October 31, 1893, between the corporation and the firm of Case, Gadd & Case, and gave to the latter the exclusive right to sell or place the stock of the association, and entitled them to receive as compensation for their services all the membership fees on shares subscribed for after the date of the contract, and also every month 60 per cent. of all amounts allowed to be used for expenses by the association under its articles so long as the shares subscribed for subsequent to the contract should remain in force. It is immaterial to consider any objections which might otherwise have been made to the validity of this contract, inasmuch as it was ratified at an annual meeting of the stockholders on January 13, 1894. The principal question arising on this appeal relates to an amendment of the contract made on April 7, 1894, at a meeting of the directors at which only five were present, three of them being the members of the firm of Case, Gadd & Case. This amendment was effected by the adoption of a resolution declaring that whereas the articles of association and by-laws of the corporation had been changed at its annual meeting in January by discontinuing the membership fee of members, and whereas a contract made with Case, Gadd & Case, dated October 31, 1893, provided that they should have the membership fees as a part of their compensation, "therefore be it resolved that the contract above referred to be amended and changed (such changes having been consented to by the said Case, Gadd & Case) so that they shall be entitled to receive the first two months' dues in lieu of such membership fee." The change thus effected appears greatly to have increased the compensation payable to the firm of Case, Gadd & Case, without in any manner calling for any augmentation of labor on their part in the services to be rendered. The proof shows that $77,920.20 was paid to the firm for first and second months' dues under the agency contract as amended from November 1, 1893, to the time of the appointment of the receivers, and that of this sum $31,168.08 represented the increase effected by the amendment. The receivers do not appear to have attacked this amended contract on the ground that it was fraudulent. Their objection before the referee, which was not stated in writing, seems to have been that the amended contract was voidable because it was entered in-

to by a board of directors a majority of whom were beneficiaries under its provisions. The referee held with them on this point, also holding that the election of the receivers to avoid the contract was equivalent to an election by the corporation to the same effect, and he therefore reported in favor of a dismissal of the claim for the balance remaining unpaid.

There would be no difficulty in sustaining the judgment against the claimants, entered upon his report, if this election to avoid the contract had been made before it had been fully performed on the part of the firm of Case, Gadd & Case. Independently of any question of fraud, there is no doubt that the contract was voidable at any time before it had been fully executed by the claimants at the instance of the corporation or its stockholders. Barr v. N. Y., L. E. & W. R. R. Co., 125 N. Y. 263, 274, 26 N. E. 145. But in the case of a contract merely voidable, and not void ab initio, the rights of the party seeking to enforce it are unimpaired up to the time of disaffirmance; and that party cannot be deprived of any money payable to him thereunder, actually earned pursuant to the terms of the contract, prior to the date when it is disaffirmed. If, therefore, the learned referee was right in regarding the amended contract in this case as simply voidable (and I do not see how he could go any farther under the issues as they were presented for his determination), the claimants were entitled to enforce their demand, in the absence of any allegation or finding of fraud. A different question would arise if the receivers had assailed the amended contract as actually fraudulent in character. It is difficult to discover any consideration for the remarkable increase which it made in the compensation payable to the claimants, but this might have been explained, and they might have been able to show that the arrangement was really beneficial to the association, if that issue had been litigated. Upon this record, however, we can only reverse the judgment of dismissal and direct a new trial of the claim.

Judgment, so far as appealed from, reversed, and new trial of the appellants' claim ordered before a new referee to be appointed at Special Term. All concur.